*772 OPINION.
Leech :
Respondent has disallowed the deduction from petitioner’s adjusted net income of $50,000 set aside during 1935 for the retirement of its debentures.
The issue, as submitted at the hearing and to a discussion of which the original briefs were limited, was merely whether the bond indebtedness for the retirement of which the contested $50,000 in securities was set aside, was “indebtedness incurred prior to January 1, 1934,” within the meaning of section 351 (b) (2) (B) of the Revenue Act of 1934. That issue, as thus submitted, was decided adversely to respondent in Sun Pife Line Co., 42 B. T. A. 1413. In there discussing the identically parallel section of the Revenue Act of 1936, we said:
* * * We think no distinction was intended between a corporation which after the date set, changes the form of its obligation, even changes the obligee, but remains equally obligated, and one which merely remains bound by the original obligation. * * * [Emphasis supplied.]
However, respondent in his reply brief for the first time argues that the “setting aside” here was not sufficient to entitle petitioner to the disputed deduction because the “setting aside” under the act must be such as to effect, if so facto, a retirement of the indebtedness pro tanto.
Although this question is thus not before us, we do not agree with respondent. Moreover, assuming any regulation could so construe the pertinent statutory provision, we do not think that either Regulations 86, article 351-4, which originally construed the controlling provision, *773 or T. D. 4777, XVT48-9060, approved November 19, 1937, the latter being cited by respondent, does so construe it.
The pertinent subsection reads: “Amounts used or set aside to retire indebtedness * * *.” (Emphasis supplied.) The construction for which respondent now contends would eliminate the significant alternative provision of the statute and is therefore improper. In our opinion the statute permits the deduction if the amount is set aside, even though the indebtedness be not to that extent thus extinguished. The evidence here amply proves that the amount claimed as a deduction was set aside within the meaning of the statute.
Whether the amount in dispute was “irrevocably” set aside, in the tax year, is not pertinent. That definitive word was added in the Kevenue Act of 1937, section 355, not as “clarifying and giving effect to the regulations” as respondent argues, but “to protect the revenue, so that amounts may not be set aside for retirement of debt, and deductions secured, although finally such amounts are never used to retire the indebtedness.” Report of the Senate Finance Committee, 75th Cong., 1st sess., S. Eept. 1242.

Decision will be entered wnder Bule 50.